KESSLER v. BOWERS

Ohio Appeals, 6th Dist., Lucas Co.

No. 1767.    Decided Nov. 8, 1926

851.    NOTICE—An executory contract for the sale of real estate is not covered by the recording acts, and recording of such a contract is not constructive notice to a purchaser of same.

RICHARDS, J.

The original action was brought by James Bowers in the Lucas Common Pleas to quiet title on certain real estate. Jessie Reece purchased a tract of land for an agreed price of $9000 and upon the same day she and her husband entered into a written contract with Joseph Kessler who according to said contract, was to plat the land and sell same free of expense to the other parties, except that the parties were to share equally the cost of surveying, advertising and other necessary expenses.

Further the agreement contained a provision that Mrs. Reece should be reimbursed the money she had paid on the original purchase and the mortgage thereon. Several other provisions were contained therein relating to division of profits; and shortly thereafter same was recorded. The contract was not notaried and there was one witness thereto. Later Bowers entered into a written contract with Reece for the purchase of a lot in the allotment for $1400 and soon after erected a dwelling house. Subsequently Reece executed a warranty deed to Bowers.

Bowers was not aware of the contract with Kessler and after learning thereof brought this action. The lower court quieted the title, and Kessler prosecuted error relying on the fact that the contract was placed on record and therefore Bowers had constructive notice of same. The Court of Appeals held:

1. Unless the contract between Kessler and Reece was one entitled to record it is not notice to Bowers of Kessler's rights.

2. The recording acts do not apply to executory contracts for the sale of real estate and such recording is not constructive notice.

3. The plat made by Kessler had never been recorded or approved by Reece and therefore Bowers purchased the lot in good faith and without notice and the judgment quieting his title is affirmed.

Judgment affirmed.

(Williams and Young, JJ., concur.)

Attorneys—Rowe, Williams & Dillon for Kessler; Cotter & McFellin for Bowers; all of Toledo.