WHITMORE v. STERN et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7235. Decided May 23, 1927

Judges Richards, Williams & Lloyd, 6th Dist., sitting.

329. COVENANTS—Restrictions — 1. In an endeavor to break restrictions, fact that certain of the properties in restricted street are being used in a way different than that contemplated by restrictions, is not sufficient ground upon which a court of equity is justified in holding that all of the restrictions be nullified.

2. Where consent of all the owners of property in 1920 is given to erect building contrary to provisions of restrictions, and a consent decree is rendered in litigation, such decree in no wise affects the rights of parties subsequently seeking to enjoin the erection of an apartment house, since the consent decree amounts to nothing more than a voluntary release of restrictions so far as the building permitted to be erected is concerned.

First Publication of this Opinion

RICHARDS, J.

This action was commenced in the Cuyahoga Common Pleas by Florence Whitmore for the purpose of enjoining Fannie Stern from erecting an apartment house on her premises on Drexel Avenue in the city of Cleveland, claimed to be in violation of restrictions existing thereon. The trial in the lower court resulted in a decree granting an injunction as prayed for.

In 1906, when the first lot was conveyed in the allotment which is now Drexel Avenue, certain restrictions and covenants were pro-

vided, in part:—"That said premises shall be used for residence purposes only by the grantee—no building shall be erected on such premises which shall cost less than $5000, and not nearer than 35 feet from the front and street line to the front line of the porch—that no double house, two family house, or shop—or apartment house shall be erected on said premises, etc." The granter covenanted that all other lands abutting on Drexel Avenue would be subject to the same restricting covenants.

In 1920, the Jewish Center, consisting of a synagogue, gymnasium, school, etc. was erected on the southeast corner of Drexel Ave.. and East 105th St. This building was erected by virtue of the provisions of a consent decree entered in the Court of Appeals. At the northeast corner of Drexel Ave. and East 105th. St., was erected a two story brick block on the main floor of which are business blocks and on the second floor apartments.

These instances, and many others, claimed to be violations of the restrictions, were set forth. Stern contends that by reason of the changed conditions, and that owners of private dwellings within the allotment have without objection permitted the restrictions to be violated by various persons, the owners are estopped from setting up the restrictions as a bar to her erecting an apartment on Drexel Avenue.

On appeal, the Court of Appeals held:

1. All residences erected on Drexel Avenue, between Parkwood Drive and East 105th St., have been erected in accordance with the restrictions above mentioned. ·

2. The decree rendered with reference to the litigation arising from the erection of the Jewish Center, was with consent of all the parties and provides that it is "without prejudice to the rights of plaintiff and those similarly situated and without in any wise affecting the validity of the restrictions on the said Drexel Avenue."

3. Such a decree could in no wise affect the rights of the parties to this case and amounts to no more than a voluntary release of restrictions so far as the Jewish Center is concerned.

4. With regard to the building on the northeast corner of Drexel Avenue and East 105th St., this building extends clear to the street line on the Drexel Avenue frontage, but the entrances are all on 105th Street, except the rear entrance. As to the decisions in those cases, there is nothing in anyway controlling as to the rights of the owners of property fronting on Drexel Avenue.

5. Out of some 55 to 60 residences on Drexel Avenue, all but three or four are used and conducted strictly in accordance with the restrictions, and against the three or four violators of the restrictions, no proceedings appear to have been taken by Mrs. Stern.

6. Her chief objection is that certain of the properties are being used in a way different from that contemplated by the restrictions. We do not think this is a sufficient ground to justify a court of equity in holding that all of the restrictions should be nullified. Brown v. Huber, et al. 80 OS. 183.

7. There was a uniform scheme of restriction adopted, as appears clearly by the evidence, and this finding is in no sense inconsistent with prior decisions that property fronting on East 105th Street is not within the scope of the restrictions.

8. A judgment and decree will be entered in favor of Whitmore and cross-petitioners enjoining the construction of an apartment house.

Decree accordingly.

(Williams & Lloyd, JJ., concur.)

Attorneys—Melville W. Vickery for Whitmore; Joseph L. Stern for Stern; M. P. Mooney for other defendants; all of Cleveland.