SOLAR *v.* RUEHLMAN, JR.

(Decided April 16, 1929.)

*Messrs. Harmon, Colston, Goldsmith & Hoadly,* for plaintiff.

*Messrs. Schorr, Wesselmann & Eyrich,* for defendant.

HAMILTON, J. This case is here on appeal from the court of common pleas of Hamilton county. The plaintiff, Lena A. Solar, seeks injunctive relief against the defendant, Peter G. Ruehlman, Jr., basing her claim upon certain restrictions in a deed to the defendant of a certain lot which is adjacent to the lot of plaintiff.

The case is submitted on an agreed statement of facts, supplemented by some depositions. The agreed statement of facts sets forth a full statement of the case, and is in the record.

The pertinent facts are in substance as follows:

Catherine Eggers died having title to a small tract of land at the corner of Harrison avenue and Ruehlman place, in Hamilton county, Ohio. She left a will, naming Frederick Eggers, her husband, executor of her estate. The testator gave her executor full power to sell and convey her real estate on such terms as he saw fit. Pursuant to the power under the will, Frederick Eggers, in 1918, deeded to Barbara Ruehlman a lot carved out of the tract of land, above referred to, fronting Harrison avenue. In this deed, the executor put the following condi-

tion and restriction: "That no building or buildings shall be erected on the premises above described nearer than forty feet from the front lot line on Harrison avenue, and that no building or buildings shall be erected thereon costing less than $5,000.00; and that said premises shall be used for residence purposes only."

Later, in the same year, Barbara Ruehlman deeded to the defendant the lot in question, reserving to herself a life estate, and in this deed the same restrictions were added as in the original deed from the executor. Later she made another deed of the fee to the defendant with like restrictions.

Some two years later, Frederick Eggers, as executor, deeded the adjacent lot to Mark L. Keeling and Anna E. Keeling, his wife. The deed to the Keelings contained no restrictions.

In November, 1923, Keeling and wife conveyed to the defendant a small triangular tract of land from the lot which they had purchased from Eggers, executor, fronting about 25 feet on Harrison avenue, and adjoining the premises of the defendant. In this conveyance there were no restrictions.

In 1925, Keeling and wife conveyed the remainder of their lot to the plaintiff herein, and the deed to the plaintiff contained no restrictions.

Deeds to other lots in the tract of land were made to divers persons, in which the executor placed different restrictions as to the amount of, character of, and location of, buildings.

Defendant desires to construct a filling station, partly on the triangular strip granted to him by the Keelings, and partly on the land granted from Barbara Ruehlman.

The plaintiff seeks by injunction to prevent the construction of the filling station, claiming the right under the restrictions in the Ruehlman deed from Eggers, executor, and other grants by said executor of other lots with restrictions, urging that these restrictions were created for the benefit of all the lots of which her lot was one.

Restrictions are either personal, or covenants which run with the land. The types of covenants are well stated by Behan in his Treatise on Covenants Affecting Land, wherein it is stated in the marginal notes, pages 52 and 57:

"1. A covenant cannot pass with land which forms the subject-matter of the conveyance in which it appears unless it relates directly to the land itself.

"2. Hence a distinction must be drawn between two types of covenants, viz:—

"A. Covenants which are purely personal and collateral; these are incapable of conferring rights or imposing liabilities upon anyone but the original parties—whether they are interposed: 1. Between vendor and purchaser. * * *

"B. Covenants which touch and concern the land; these create rights and liabilities which may pass to the successors in title of the original parties either by reason of a certain privity of estate, or under equitable principles."

We first inquire under which type of covenant, if either, do the facts place this case.

It is the law that where the proprietor of land plats the land with restrictions, showing the restrictions to be for the benefit of all the land, and the plat is recorded, these restrictive rights and liabilities pass to the successors in title of the original

proprietor. This places all purchasers on notice of the restrictions, and shows the intention to restrict for the benefit of all the lots in the plat.

Nothing of that kind was done in the instant case. Therefore, the burden was upon plaintiff to prove that the restrictions contained in the Ruehlman deed were inserted therein for the benefit of all the lots, including the one now owned by the plaintiff. It was necessary for plaintiff not only to prove that it was the intention and purpose of the common grantor to insert the restrictions in the Ruehlman deed for the benefit of the lot now owned by plaintiff, but also to show that defendant's predecessor in title, when she accepted the deed, knew that such was the intention and purpose of the common grantor. This rule is laid down in the case of *Lowell Institution for Savings* v. *City of Lowell,* 153 Mass., 530, 27 N. E., 518, and many other cases.

Has the plaintiff sustained this burden of proof? It is not in any of the deeds. The intention was never expressed in writing by the common grantor as to what his purpose was in placing the restrictions. That it was not done under a general plan is shown by the fact that in no two of the deeds to different lots or tracts of land are the restrictions alike. This presumably for the reason that the lots face in different directions, and a reason for restrictions of one kind as to one lot would be of no value to a lot differently located. So that the plaintiff has failed to prove any expressed intention or purpose for the restrictions. The fact that the deed to the plaintiff's predecessor in title contained no restrictions would in a measure negative any intention on the part of the common grantor that his

intended restrictions on other lots were for the benefit of the plaintiff's lot. Mutuality is entirely lacking.

Plaintiff seeks to support the proposition as to the intention and purpose of the common grantor, as above expressed, by the deposition of Barbara Ruehlman, predecessor in title of the defendant, by the deposition of the executor, the common grantor, and by that of his son, the only heir of the deceased wife of the executor.

The substance of the deposition of Barbara Ruehlman is that when she received the deed from Frederick Eggers, executor, she did not know there were any restrictions in the deed; that when she deeded the property to the defendant she did not know that her deed contained any restrictions; that she knew nothing whatever about any reason for any restrictions. While accepting the deed, Barbara Ruehlman would be charged with notice as between herself and her grantor, it does not establish that she knew of any intention or purpose of the grantor that that restriction was for the benefit of any lot owners other than the grantor himself.

The deposition of Frederick Eggers is to the effect that he contemplated the lots in the subdivision to be used for residence purposes *mainly*, in order that the estate, the purchaser, and the community generally would benefit thereby.

There is nothing, however, in his deposition to the effect that he ever conveyed this intended reason or purpose to defendant's predecessor in title, nor to any purchaser of any of the lots.

The deposition of Chester Frederick Eggers, the only heir to this property of his mother, Catherine

Eggers, is to the effect that the character of the property was *mainly* residential. Also in said deposition appeared the following:

Interrogatory 6 was: "What plan, if any, was resorted to to secure the use of parcels of said subdivision for residence purposes?"

Answer. "Lots intended for residence purposes only were restricted to such use by clause in deed."

He answered that the reason for such restriction was: "That the remaining lots in my possession and the purchaser would benefit thereby."

This heir was not the grantor. Neither is it shown that any reason or intention was conveyed by him to any of the purchasers. The plaintiff has, therefore, wholly failed to establish by proof any covenant which would create any right or liability that would pass to her. The restrictions were purely personal to the grantor and those whom he represented. The case of *Brown* v. *Huber*, 80 Ohio St., 183, 88 N. E., 322, 323, 28 L. R. A. (N. S.), 705, is largely relied upon by the plaintiff. But that case presents an entirely different state of facts. It appears in that case that one Scott was the owner of two lots in Toledo, Ohio, designated as lots 2 and 3 of Scott's First Addition to the city of Toledo. Scott sold to Mary I. Kelly, the predecessor in title of Brown, lot No. 3 and "covenants and agrees for himself, his heirs, assigns, executors, and administrators, that neither he, his heirs or assigns will at any time erect upon lot number two (2) of said Scott's First Addition to the city of Toledo, thereon, any building nearer than sixty (60) feet," etc. Later, Scott conveyed lot No. 2 to the predecessor in title of Huber, and the deed from Scott to the

predecessor contained the following: " 'Subject, however, to all the conditions as to location of buildings, etc., contained in the deed from said Scott to Mary I. Kelly of lot 3 in said addition.' "

It is true that no restrictions were placed upon lot No. 3 in the deed from Scott to Kelly. The Supreme Court held that the successor in title of Kelly to lot No. 3 could enforce the restrictions. Kelly bought the property with the representation contained in her grant, which would add value, and might be construed as a part consideration, and was consented to by the grantee of lot 2 when he accepted the deed with the stipulation therein. That case does not assist in a determination of the case at bar. There is no evidence here that at the time plaintiff purchased her property she or her predecessor in title knew of the restriction in the Ruehlman deed. There is nothing in her deed or the Ruehlman deed to the effect that the restriction was for the benefit of her lot. There is no evidence that the restriction entered into the consideration for the purchase of plaintiff's lot. There is no privity of estate shown. Her claimed right must, therefore, of necessity be based upon a covenant running with the land, which we find does not exist.

The rule, as laid down in the case of *Kiley* v. *Hall*, 96 Ohio St., 374, 117 N. E., 359, L. R. A., 1918B, 961, is more in point.

Our conclusion is that plaintiff is not entitled to the injunctive relief prayed for, and the petition will be dismissed.

*Petition dismissed.*

CUSHING, P. J., and Ross, J., concur.