## HAYSLETT v SHELL PETROLEUM CORP, et

Ohio Appeals, 8th Dist, Cuyahoga Co
No 11109.   Decided Oct. 6, 1930

Niman & Buss, Cleveland, for Hayslett.

Tolles, Hoggsett & Ginn, Cleveland, for Shell Corp, et.

CLINE, J.

As to the first two conclusions, the court may well adopt the decision of the common pleas court in this case, without further comment, for it seems to be settled in this state in the case of **Kiley vs Hall, 96 Oh St 374,** that

"A lot owner cannot maintain an action to enforce by injunction the observance of restrictions contained in the

deed of another lot owner where it does not appear that the latter purchased his lot with notice of a general plan for the improvement of the lots of the allotment in accordance with the restrictions contained in his deed, or with notice that such restrictions were inserted in his deed for the benefit of the owners of the other lots in the allotment."

This authority seems to be fortified by the case of **Adams v Donavan, 97 Oh St 83-84.**

Whatever may have been in the minds of the original grantor and the first grantees, as to a general plan of allotment, and whatever may have been the rights or remedies of subsequent lot owners against the original grantor for breach of covenant, it seems clear that there was no general plan of allotment in the sense that it affected all of the lots, and that no general plan of allotment was set up in the original plat of subdivision.

If the claim of the plaintiff were true that there was a general plan of allotment and that the defendant had effective notice of the restrictions because some deeds not in the grantee's chain of title contained the restrictions, it would compel every purchaser of a lot in any allotment, no matter of how long standing, to search the deeds of each and every other purchaser of such a lot, from the time of the sale of the first lot down to the date of the last purchaser, to determine whether or not there was incorporated in any of the deeds an agreement by the original owner that all the lots should be sold with restrictions.

It is not customary and in fact it should be well nigh impossible in as populous a county as Cuyahoga, for the purchaser of land to examine the deed to every lot in an allotment in which he desired to purchase land, for the purpose of seeing whether or not there was an agreement between the original grantor and some of his grantees. If that were the law, and if purchasers of lots with no actual notice of restrictions would be bound by such a provision, it would mean that every such purchaser of a lot in any allotment where there is nothing in the deed or recorded plat to indicate restrictions, would be required to make a search of the county records of every one of the lots in the allotment to ascertain whether or not any restrictions had been made between the grantor and some grantee regarding a lot in which and to which the recent purchaser would have no interest. Such a rule would well night prevent the operation of real estate allotment agencies in every populous county. It would be a source of jeopardy to every purchaser of a home site. It would require extended examination of hundreds of deeds at a cost prohibitive to the purchaser and such a rule would be well nigh destructive to real estate development.

We must hold that because there was no general plan which affected all property in the allotment alike, and because there were no restrictions written in the recorded plat and none in the deed to defendant, and because it had no notice either actual or constructive of any restrictions affecting the Euclid Avenue frontage of the Sheldon Allotment, or of any such plan which may have been in the mind of the original allotment owner, the alleged restrictions have no binding effect on the defendants.

It is further claimed that the restrictions, even if they were valid, are not binding because of the changed character of the district in which the land is located. Because of our conclusions on the other two questions it may not be important to decide this question, but as the General Code requires a decision to be made upon all questions presented, the question of whether or not the character of the neighborhood has changed will be briefly considered.

We do not deem it necessary to make an extended discussion of the facts for the frank statement of counsel for plaintiff was that the land in question. because of its inutility for the purpose which the restrictions provide, would probably compel the land to remain idle for a period of eleven years.

That the character of the district is changed and that the land is no longer suitable for single family residences, there can be no doubt. The City of East Cleveland has zoned this land for business and while this cannot affect the restrictions if they exist, yet it is evidence indicating the changed character of the neighborhood.

The plat submitted and the evidence show that many substantial commercial buildings exist on Euclid Avenue both to the east and west of Sheldon Avenue. The character of the traffic on the street and the character of the business in and about the district leaves no room for doubt that Euclid Avenue at Sheldon Avenue is a business and not a residential district.

Shaw High school was built upon the Sheldon allotment and a part of the allotment at the southerly end was used for road purposes, neither of which are used for "single family residences." The plaintiff, however, claims that even though the character of the district has been changed and even though the Euclid Avenue frontage were to remain idle for eleven years, yet if there is any value left in the original restrictions the remaining holders of the property in the allotment, the restrictions must be enforced. We do not believe that such is a proper construction of the law nor of the decision cited by diligent counsel for plaintiff. **Cooper vs Sanders, 30 O. L. B. 435.** In that case, it is true, that the syllabus states that the original restrictions must be of no value before they can be treated as a nullity, but the facts in that case and the reasoning of the court upon which the decision is based clearly show that the restrictions may be treated as a nullity, if they have no substantial or reasonable value to the property claiming the benefit thereof.

The rule of reason must be read into cases where change of character of neighborhoods is relied upon to invalidate or modify restrictions.

The language of the court in the Cooper case is as follows:

"If there have been changes of an unsubstantial nature that do not destroy

the essence and the character of the neighborhood for residential purposes to such a degree that it vitally affects the value of the restrictions, then the change does not reach that point where a court of equity can say that the restrictions are a nullity. There must be clear, convincing and substantial evidence to change the character of a neighborhood to such an extent that the court can pronounce a judgment saying that the restrictions as to residences have lost their value. There must be a situation actually existing that is contrary to any sound reason for further structures with restrictions of the character stated. It should appear that there is no further reason for contemplating future structures of that character. Slight changes are not sufficient because they do not affect the substantial character of the neighborhood."

The decision of the Court of Appeals of this district in the case of Perley vs Strong, Case No. 1274, which involved property restrictions on Drexel Ave., which case was very carefully argued and attracted much attention of the bar, held that the restrictions insofar as they affected the E. 105th St. section of the Drexel Ave. allotment, were invalid and the enforcement of the restrictions would be inequitable and unjust "because such enforcement would greatly impair the defendant's property without rendering a corresponding advantage to the plaintiff's property."

We hold that such a changed condition exists in the neighborhood of Sheldon and Euclid Avenue that the restrictions incorporated in the original deds, even if they were valid, would not be effective because the changed condition of the neighborhood has substantially destroyed the value of the restrictions.

The appeal will be dismissed and a decree may be entered for defendant. O. S. J.

Vickery, PJ, and Levine, J, concur.