**STANTON et v SCHMIDT et**

Ohio Appeals, 2nd Dist, Franklin Co

No 2054.   Decided Oct 23, 1931

Messrs. Williams, Sinks & Williams, Columbus, and Messrs. Pretzman, Dillon & Craig, Columbus, for plaintiff.

Mr. Rodney B. Baldwin, Columbus, for defendant.

KUNKLE, J.

We think this case can be determined solely upon the question of notice to the defendant Schmidt, of the restrictions in question. If the defendant Schmidt had no notice of the existence of such restrictions in the contract in question, then he could not be bound thereby.

Such notice would necessarily be either actual notice or constructive notice of the existence of such restrictions.

A reading of the record satisfies us that he had no actual notice of the restrictions contained in the said contract. He so testifies on page 31 of the record, and further states that he had an abstract of the property which he examined and that the abstract contained nothing in reference to such restrictions. There is nothing in the record which would warrant a finding that the defendant Schmidt had actual notice of the restrictions in question at the time of the purchase of this property. There is nothing in his deed which would constitute notice to him.

Did he have constructive notice of the existence of this contract and of the restrictions contained therein?

It is admitted that this deed was placed of record in the office of the recorder of Franklin County and was recorded in the deed records of Franklin County, prior to Schmidt's purchase of the said property.

Does such record constitute constructive notice to the defendant Schmidt of the said contract? It will not require the citation of authorities to support the statement that the recording of an instrument does not constitute notice thereof unless its record is provided by statute.

Sec 2757 GC provides as follows:

"The recorder shall keep four separate sets of records, namely: First, a record of deeds, in which shall be recorded all deeds, powers of attorneys, and other instruments of writing for the absolute and unconditional sale or conveyance of lands, tenements and hereditaments; Second, a record of mortgages, in which shall be recorded all mortgages, powers of attorney, or other instruments of writing by which lands, tenements, or hereditaments are or may be mortgaged or otherwise conditionally sold, conveyed, affected, or encumbered in law; Third, a record of plats, in which shall be recorded all plats and maps of town lots, and of the subdivisions thereof, and of other divisions or surveys of lands; Fourth, a record of leases, in which shall be recorded all leases and powers of attorney for the execution of leases. All instruments entitled to record shall be recorded in the proper record in the order in which they are presented for record."

The concluding paragraph of this section is to the effect that "all instruments entitled to record shall be recorded in the proper record in the order in which they are presented for record.

It is admitted that this contract was recorded in the deed records of Franklin County, Ohio. Does such recording constitute constructive notice to the defendant Schmidt?

The only instruments which the Code provides for recording in the deed records are the following: "All deeds, powers of attorney, and other instruments of writing for the absolute and unconditional sale or conveyance of lands, tenements and hereditaments."

A casual reading of the contract clearly discloses that the paper writing in question is not a deed—is not a power of attorney and is not an instrument in writing for the absolute and unconditional sale or conveyance of lands, etc.

It clearly does not fall within the description of the instruments which shall be recorded in the deed records, and the recording of which therein constitutes notice to the world.

Counsel for defendant Schmidt insists that it falls within the class designated as incumbrances which are to be recorded in the mortgage record. It is unnecesary for us to determine whether it does or does not fall within the class of instruments which are to be recorded in the mortgage record, as it was not so recorded.

If we are correct in our conclusion that the recording of this contract in the deed records did not constitute constructive notice to the defendant Schmidt, and in the further conclusion that he had no actual notice of the existence of this contract, then the action in question cannot be maintained.

The finding will be in favor of defendant Schmidt and the amended petition will be dismissed. Decree accordingly.

ALLREAD, PJ. and HORNBECK, J, concur.