### SNOW, Plaintiff-Appellee, v SOCONY VACUUM OIL COMPANY, Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20242.    Decided April 29, 1946.

Paynter & Snow, Cleveland, Heiser & King, Cleveland, for Plaintiff-Appellee.

Phillips, Falsgraf & Reidy, Cleveland, for Defendant-Appellant.

## OPINION

By THE COURT:

The evidence is not sufficient to prove that the defendant had notice of a general plan of improvement of the allotment which was to be imposed on all purchasers of lots in the allotment in the absence of any reference to restrictions on the recorded plat of the allotment, and in the absence of any covenant in any allotment deed, that the sales of lots in the allotment would be made subject to like restrictions and that the restrictions were made for the benefit of all the lot owners in the allotment.

**Kiley v Hall, 96 Oh St 374**

**Hayslett v Shell Petroleum Corp., 38 Oh Ap 164.**

**Lopartkovich v Reager et, 66 Oh Ap 332.**

The defendant is entitled to a decree for the further reason that if it were held that there was a general plan for the allotment enforceable by each lot owner of which the defendant had notice when it purchased its lots, any plan providing for single houses on the south side of Lakewood Heights Boulevard has failed and is impossible of fulfillment by reason of the development which has taken place for business and recreation purposes on the north side of Lakewood Heights Boulevard within the block in which defendant's lots are located and by reason of the passage of an Ordinance of the City of Cleveland, zoning the property on the south side of Lakewood Heights Boulevard for business uses and the further fact that all restrictions on the entire allotment will expire on January 1, 1950, or three years and eight months from this date.

By reason of these facts there has been no improvement

on the south side of Lakewood Heights Boulevard with single houses in the last fifteen years and it is virtually certain that there will be no such improvement prior to the expiration of the restrictions on January 1, 1950, or thereafter.

The plaintiffs in this case are seeking relief in a court of equity and such relief must be denied them when the improvement of the south side of Lakewood Heights Boulevard with single houses has become impracticable and when the effect of granting such relief will be virtually to decree that defendant's lots and all the other lots in the allotment on the south side of Lakewood Heights Boulevard must remain idle and unimproved until the expiration of the restrictions.

Decree for defendant. O. S. J.

SKEEL, PJ, LIEGHLEY, J, & MORGAN, J, concur.