GRANT ET AL., APPELLANTS, *v.* HICKOK OIL CO., APPELLEE.

(No. 4327—Decided November 22, 1948.)

*Mrs. Jane Myers Sutter, Mrs. Eva Epstein Shaw* and *Mr. Norman E. Bischoff,* for appellants.

*Messrs. Kirkbride, Cole, Frease & Mittendorf,* for appellee.

CONN, J. This is an appeal on questions of law and fact and was submitted on the original pleadings, transcript of the evidence, docket and journal entries, stipulation of facts, deposition, affidavit and building plans filed in this court, arguments and briefs of counsel.

The plaintiffs in this case are the owners of certain lots in Leesdale Extension and bring this action to obtain a permanent injunction against defendant, enjoining it from erecting a gasoline station and lubritorium on lots 181, 182 and the west 4 feet of lot 183 in such subdivision, on the ground that certain restrictions were "imposed upon said lands in pursuance of a general plan of the subdivision and with the intent that they should run with the land," whereby the property was restricted and the use of same limited for residence purposes only for a period ending January 1, 1950.

The answer of defendant admits that certain restrictions were contained in deed for lot 183 dated June 17, 1930, and denies that the restrictions in the deed are binding on the defendant, and expressly denies that lots 181 and 182 are subject to any restrictions or that "any restrictions were imposed upon said lands in pursuance of a general plan and with the intent that such restrictions should run with the land and should accrue to the benefit of every part of the land and to the owners and holders of said land, and denies that there was a general plan."

In addition to certain other specific denials and a general denial, the answer contains second and third

defenses. However, in view of the conclusion we have reached, it becomes unnecessary to consider these defenses and the issues raised thereon.

Counsel for the parties entered into a stipulation embracing the following facts relevant to the issues raised on the pleadings, and upon this stipulation and the evidence it conclusively appears as follows:

1. The plat of Leesdale Extension executed and placed of record by The Centralia Realty Company, the owner of the platted land, did not contain any restrictive covenants. A set-back line is shown on the plat and is described as "building line."

2. Following the platting, The Centralia Realty Company executed a deed for lot 175 and also a deed for lot 182, and thereafter executed and delivered a deed for all the remaining lots in the subdivision to The Dime Savings Bank & Trust Company, trustee. No restrictive covenants were inserted in any one of these deeds.

3. The Dime Savings Bank & Trust Company, trustee, subsequently conveyed six lots by separate deeds of conveyance and each of such deeds contained restrictive convenants and all the remaining lots were subsequently conveyed to The Ohio Savings Bank & Trust Company, trustee, by deed, and this deed contained no restrictive covenants.

4. The Ohio Savings Bank & Trust Company, trustee, or S. H. Squire, Superintendent of Banks in charge of the liquidation of the bank, conveyed 25 lots or parts of lots which conveyances contained restrictive covenants. The Superintendent of Banks subsequently conveyed by deed to Leesdale, Inc., 75 lots and parts of two other lots, which conveyance contained no restrictive covenants.

5. The defendant holds the legal title to lots 181, 182 and the westerly 4 feet of lot 183, which it acquired

by warranty deed and which contained no restrictive covenants; that no such covenants were inserted in any of the deeds in the chain of title for lots 181 and 182 extending from the original owner, The Centralia Realty Company, down to the defendant, but in two of the deeds in the chain of title for the undivided one-half of lot 183, restrictive covenants were inserted either by recital or by reference.

6. It further appears that restrictive covenants were inserted by recital or reference in one or more deeds in the respective chains of title to 37 lots or parts of lots in the subdivision from the time of the first deed to the commencement of this action, and that no such covenants are found in any of the deeds to the 83 remaining lots.

On the whole record, it is manifest that plaintiffs have failed to establish by a preponderance of the evidence the allegation in the petition that a general plan of uniform restrictions relative to the purpose for which the lots in Leesdale Extension may be used was in fact adopted.

If we look at the plat of this subdivision as executed and recorded by the owner of the land, we do not find any provision, suggestion or hint of a general plan. If we examine the deeds executed by the allotter conveying each and all of the 120 lots in this plat, we find no restrictive covenants whatever. Furthermore, it appears that in about 70 per cent of the conveyances subsequently made over a period of two decades or more, no restrictive covenants were inserted in any one of the several deeds.

If the original owner had in mind a general plan of restriction as to use of the lots in the subdivision, it wholly failed to take the necessary steps to make it effective.

It is well settled in Ohio that a court of equity will

enforce the observance of valid restrictive covenants as to the use of property which run with the land where the grantee has notice of such covenants. *Stines* v. *Dorman,* 25 Ohio St., 580; *McGuire* v. *Caskey,* 62 Ohio St., 419, 57 N. E., 53; *Brown* v. *Huber,* 80 Ohio St., 183, 88 N. E., 322, 28 L. R. A. (N. S.), 705; *Adams* v. *Donovan,* 97 Ohio St., 83, 119 N. E., 252; *Arnoff* v. *Chase,* 101 Ohio St., 331, 128 N. E., 319; *Cleveland Baptist Assn.* v. *Scovil,* 107 Ohio St., 67, 140 N. E., 647; *Dixon* v. *Van Sweringen Co.,* 121 Ohio St., 56, 166 N. E., 887; *Whitmore* v. *Stern,* 25 Ohio App., 344, 158 N. E., 203; 13 Ohio Jurisprudence, 994, Section 174.

Considerable evidence has been offered or tendered in an effort to show notice that the lots in Leesdale Extension were uniformly restricted and that the uniform provisions of the restrictive covenants thereby precluded defendant from improving its property by erecting thereon a gasoline filling station.

It is obvious that if no general plan of restriction was established, the matter of notice, constructive or otherwise, would not be material for the reason that defendant could not be chargeable with notice of something that was nonexistent.

Be that as it may, we have considered carefully the claim of plaintiffs that defendant had notice that the allotment was restricted to private residence purposes at the time it acquired its property.

It appears well established that a grantee in a conveyance of land is deemed to have notice where the restrictive covenant is inserted in his deed of conveyance which he accepts; or where a covenant of such character is found in any deed in the chain of title of lot or parcel of land conveyed to the grantee; or where there is a plan of uniform restrictions in an allotment, even though the restrictive covenants were omitted from the grantee's deed in a particular in-

stance, as such omission is not material on the issue of notice where it clearly appears a general, uniform plan of development had been adopted incident with the platting of the land or such plan was subsequently adopted by the owner and placed of record. *Adams* v. *Donovan, supra; Brown* v. *Huber, supra; Hayslett* v. *Shell Petroleum Corp.*, 38 Ohio App., 164, 175 N. E., 888; *West Hill Land Co.* v. *Ritchie,* 18 C. C. (N. S.), 183, 32 C. D., 677.

Some evidence was tendered and received that certain lots were sold on land contracts with restrictive covenants therein ''for the protection of the seller and of the various purchasers of lots in said Leesdale Extension * * *.'' The contracts provided that restrictive covenants would be effective until January 1, 1950, and among other things limited the use of the property for private residence purposes. It further appears some of these contracts were filed for record and recorded in the deed records of this county. However, the statute (Section 8543, General Code) authorizing the recording of deeds and instruments for the conveyance or incumbrance of lands does not apply to land contracts, and where such contract is recorded the record thereof is not constructive notice. 40 Ohio Jurisprudence, 922, Section, 14; *Churchill* v. *Little,* 23 Ohio St., 301; *Kessler* v. *Bowers,* 23 Ohio App., 194, 155 N. E., 402; *Standard Oil Co.* v. *Moon,* 34 Ohio App., 123, 170 N. E., 368; *Stanton* v. *Schmidt,* 45 Ohio App., 203, 186 N. E., 851.

It may be further noted that one or more lot owners cannot enforce observance of building restrictions against another lot owner in the same allotment unless it appears that the restrictive covenants were designed and adopted for the protection of all lot owners pursuant to a uniform plan and adopted for the uniform improvement of all the lots in the allotment. *Kiley* v.

*Hall,* 96 Ohio St., 374, 117 N. E., 359, L. R. A. 1918B, 961; *Lopartkovich* v. *Rieger,* 66 Ohio App., 332, 33 N. E. (2d), 1014; *Solar* v. *Ruehlman, Jr.,* 33 Ohio App., 224, 168 N. E., 861; *Hayslett* v. *Shell Petroleum Corp., supra; Snow* v. *Socony Vacuum Oil Co.,* 46 Ohio Law Abs., 317, 69 N. E. (2d), 200; 13 Ohio Jurisprudence, 991, 992, Section 171.

As previously pointed out, there are no restrictive covenants in the chain of title to lots 181 and 182, but as to lot 183, covenants of this character were inserted in the deed of conveyance as to the undivided one-half of such lot and incorporated by reference in a subsequent deed. These covenants contain no reference to a general plan or that they conform to a uniform plan for the entire allotment or that they were covenants designed for the benefit of other lot owners in the subdivision.

Under the situation thus presented, the restrictive covenants appearing in two of the deeds in the chain of title for lot 183 are not available to plaintiffs as a basis for injunctive relief for the reason that these covenants are not in themselves any notice that like covenants obtain as to the other lots in the subdivision and for the further reason that it does not appear that they were intended for the benefit of any one other than the grantors.

Our conclusion is that plaintiffs have not sustained by a preponderance of the evidence the issues raised on the pleadings and the evidence and are not entitled to the injunctive relief as prayed for, and that the petition of plaintiffs should be dismissed.

Finding for defendant. Petition dismissed at plaintiffs' costs. Injunction dissolved.

*Decree accordingly.*

CARPENTER and FESS, JJ., concur.