OPINION
{¶ 1} Appellants, Calvin and Marjorie Kiracofe, appeal the February 15, 2005 judgment of the Court of Common Pleas, Allen County, Ohio granting appellees Shannon and Richard Ketcham's motion for summary judgment and dismissing the complaint. Although this appeal has been placed on the accelerated calendar, this court elects to issue a full opinion pursuant to Loc.R. 12(5). For the reasons set forth below, the judgment of the trial court is affirmed.
 {¶ 2} This case involves an alleged violation of several deed restrictions by the purchaser of a tract of residential property. The Kiracofes were the owners of a large tract of farm land in Bath Township, Ohio. They sold portions of the property to various individuals for the purposes of building residential homes. In April 2002 the Ketchams purchased a 2½ acre parcel of real estate from the Kiracofes, upon which they constructed a single family residential home. The Ketchams' property adjoins six other residential lots, and the record indicates that at least some of these residences are owned by families with small children.
 {¶ 3} As a condition of the sale of the property, several restrictions were included in the deed. Those restrictions include, in pertinent part:
1. Lots shall be used for residential purposes only, and shall not beused for any trade, business or industrial purposes, except for homeworkshops and home greenhouses.
* * *
6. No nuisance, advertising signs, billboards and/or other advertisingdevices except such as pertain to the sale of land upon which said signis located shall be permitted on said lots, nor shall said lots be usedin any way which may endanger the health or unreasonably distract thequiet of any of the adjacent lots.
 7. Noting [sic] shall be permitted on said lots which may be or becomedetrimental to a good residential neighborhood.
 {¶ 4} Appellants claim that appellees have violated these deed restrictions because Richard Ketcham has regularly and routinely parked a semi-tractor and tanker trailer (the "truck") on the property. Ketcham uses the trailer as part of his employment with Gladieux Trading 
Marketing Co. The record indicates that Ketcham drives the truck, which is owned by his employer, to a refinery in Lima, Ohio where it is loaded with decanted oil. Ketcham then transports the oil to the Campbell's Soup Plant in Napoleon, Ohio. When he is not using the truck for these purposes, he parks the empty truck at his residence.
 {¶ 5} The Kiracofes brought an action for a declaratory judgment that the Ketchams were in violation of the deed restrictions, seeking a permanent injunction preventing them from parking the truck on the property. The Kiracofes claim that Ketcham was using the property for trade or business purposes, and that the truck was a nuisance and a danger to the health of the surrounding lots. The parties both filed motions for summary judgment, and the trial court ruled in favor of defendants. The trial court granted the Ketchams' motion for summary judgment, finding that the Kiracofes had presented no evidence that the parking of the empty truck, in and of itself, constituted a nuisance or health hazard or amounted to a business use of the property. The Kiracofes appeal, asserting four assignments of error:
The trial court erred as a matter of law in not enforcing the clear andunambiguous deed restrictions.
 The trial court erred as a matter of law in failing to recognize that aquestion of fact exists as to the hazardous nature of decanted oil.
 The trial court erred as a matter of law in failing to recognize that aquestion of fact existed as to whether or not the parking of the subjectvehicle upon the property constituted a nuisance.
 The trial court erred as a matter of law in failing to find that therewas a commercial use of the subject property in violation of the deedrestrictions.
 {¶ 6} These assignments of error all claim that the trial court erred in finding that there was insufficient evidence presented to show that the act of parking the empty truck on the residential property violated the deed restrictions. Therefore, because they address similar questions of law and fact, for ease of discussion we will address the assignments of error together.
 {¶ 7} An appellate court reviews a grant of summary judgment independently, without any deference to the trial court. Conley-Slowinskiv. Superior Spinning Stamping Co. (1998), 128 Ohio App.3d 360, 363. The standard is one of de novo review. Lorain Natl. Bank. v. SaratogaApts. (1989), 61 Ohio App.3d 127, 129. A grant of summary judgment will be affirmed only when the requirements of Civ.R.56(C) are met. This requires the moving party to establish: (1) that there are no genuine issues of material fact, (2) that the moving party is entitled to judgment as a matter of law, and (3) that reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. Civ.R.56(C); see Zivish v. Mentor Soccer Club, Inc. (1998),82 Ohio St.3d 367, 369-70. In addition, summary judgment should be granted with caution; a reviewing court must construe the evidence most strongly in favor of the non-moving party. Id.
 {¶ 8} The party moving for summary judgment bears the initial burden of identifying the basis for its motion in order to allow the opposing party a "meaningful opportunity to respond." Mitzeff v. Wheeler (1988),38 Ohio St.3d 112. The moving party also bears the burden of demonstrating the absence of a genuine issue of material fact as to an essential element of the case. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. Once the moving party demonstrates that he is entitled to summary judgment, the burden shifts to the nonmoving party to produce evidence on any issue which that party bears the burden of production at trial. See Civ.R.56(E).
 {¶ 9} Appellant's first claim that they presented sufficient evidence to create a genuine issue of material fact regarding whether the presence of decanted oil on residential property violates the provision in the deed restriction prohibiting use of the property in a manner that "may endanger the health or unreasonably distract the quiet of any of the adjacent lots." They claim that they presented evidence upon which reasonable minds could conclude that the presence of decanted oil constituted a health risk.
 {¶ 10} To support this claim, the sole evidence presented by appellants was a "Material Safety Data Sheet" presumably prepared by Premcor, the company from whom Richard Ketcham obtains the decanted oil. They point to a statement on that report which indicates inhalation of decanted oil may lead to acute symptoms of nausea or vomiting, loss of consciousness, convulsions, coma, or death. However, they ignore the very next paragraph on the report, which provides: "However, due to the low vapor pressure of this product, inhalation exposure is highly unlikelyunless exposure occurs in a confined space." (emphasis added). The record indicates that Ketcham parks the truck outside; since the fumes from the chemical are only inhaled in the open air, appellants' own evidence indicates that inhalation exposure is highly unlikely.
 {¶ 11} Moreover, appellees presented evidence which demonstrates that exposure to decanted oil provides only minimal health risks. Specifically, they point towards the "Material Safety Data Sheet" for conventional gasoline, which, compared to decanted oil, poses a greater risk hazard. A comparison of the two chemicals demonstrates: (1) conventional gasoline has a lower flashpoint, making it much more flammable; (2) gasoline contains forty-one hazardous substances compared to three for decanted oil; (3) the MSDS for gasoline lists nine remarks concerning the toxic chemicals that pose serious health problems for humans, while no such remarks are present on the MSDS for decanted oil.
 {¶ 12} Therefore, based on the evidence presented, a reasonable mind would have to conclude that the presence of conventional gasoline on the Ketchams' property would "endanger the health" of adjacent lots before it could conclude that the presence of fumes from an empty container of decanted oil would. Thus, we agree with the trial court that the appellants have presented no evidence that would raise a genuine issue of material fact concerning the health risks posed by decanted oil. Because decanted oil poses less of a health risk than conventional gasoline, reasonable minds could not conclude that the empty truck posed a health risk without also concluding that parking any motor vehicle on the property poses a greater health risk. Accordingly, appellants' second assignment of error is overruled.
 {¶ 13} Appellants next claim that they presented sufficient evidence upon which a reasonable mind could conclude that the parking of the truck upon the property constituted a nuisance in violation of the deed restrictions. Specifically, they contend that the truck constitutes a nuisance under the attractive-nuisance doctrine because children play in the area and may be injured by playing on or near the truck.
 {¶ 14} The attractive-nuisance doctrine is a form of tort liability recognized by the Ohio Supreme Court in Bennett v. Stanley (2001),92 Ohio St.3d 35, 42, 748 N.E.2d 41. Under this doctrine, a possessor of land may be subject to civil liability for physical harm sustained by a child trespasser under certain circumstances where the landowner is aware of an artificial condition on the property that poses an unreasonable risk of death or serious bodily harm to children and the owner is aware that children frequent the area where the condition exists. Id.; see also Restatement of the Law 2d, Torts (1965), Section 339.
 {¶ 15} In the instant case, the Kiracofes have failed to present any evidence to demonstrate that the mere presence of a semi-tractor and trailer on a residential lot poses an unreasonable risk of death or serious bodily injury. The Kiracofes merely claim that some unfortunate event could occur if the neighborhood children were to play on the truck. However, the mere allegation that an injury could happen because of some artificial condition does not amount to evidence that the condition poses an unreasonable risk of harm. Put simply, there is no indication that this truck, when parked on residential property, poses any more risk of harm than the average motor vehicle. Therefore, appellants have failed to fulfill their burden of demonstrating that a genuine issue of material fact exists concerning whether the presence of the truck creates a nuisance in violation of the deed restriction. Accordingly, the third assignment of error is overruled.
 {¶ 16} Appellants next claim that Richard Ketcham violated the deed restrictions by using the property for business purposes. They argue that the sole use of the truck is to facilitate Ketcham's employment with Gladieux Trading Marketing Co. According to their argument, by taking the truck directly from the residence to his pick-up location and returning directly to the residence from his drop-off location Ketcham is using the residence to enable his business activity. Appellants point to the Michigan Supreme Court decision in Borsvold v. United Dairies
(1957), 347 Mich. 672, 81 N.W.2d 378, for the proposition that continual parking of a commercial vehicle on residential property, plus daily operation of that vehicle from that location, violated a deed restriction prohibiting business use of the property.
 {¶ 17} Appellants' reliance on Borsvold is misplaced. The factual circumstances in that case are distinguishable from the case sub judice. The primary fact influencing that court's decision was that the property was being used solely as an extension of the garage operation being conducted on the land adjacent to that property. In the instant case, it is evident that Ketcham is using the property for residential purposes, and is merely parking a commercial vehicle on the property when it is not in use. In addition, the conclusion in Borsvold upon which appellants rely was merely dicta and it has no precedential value in this jurisdiction.
 {¶ 18} Courts in Ohio have held that the mere parking of a commercial vehicle on residential property, without conducting any activity of the business on that property, does not amount to a business practice. Wootenv. Neave Township Board of Zoning Appeals (2002), 150 Ohio App.3d 56,59-60; see also Whitmore v. Stern (1927), 158 N.E. 203. Wooten parked a dump truck on his property; he used the truck in a sole proprietorship, hauling gravel and stone for Piqua Materials, his sole client. Id. Each day, Wooten drove to Piqua, picked up the gravel, and delivered it to their customers. Id. The Second District Court of Appeals found that this activity did not amount to using the residence for business purposes. Likewise, we hold that as a matter of law the mere parking of a commercial vehicle used solely for transport to and from work does not amount to a business activity.
 {¶ 19} Accordingly, appellants have presented no evidence which would demonstrate a genuine issue of material fact regarding whether or not Ketcham conducted business activity on his property. Therefore, the appellants' fourth assignment of error is overruled.
 {¶ 20} Finally, the appellants argue that the trial court erred in failing to enforce the deed restrictions. However, based on our analysis of appellants' second, third, and fourth assignments of error, they have presented no evidence upon which reasonable minds could conclude that the appellees violated any of the deed restrictions. Accordingly, the first assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment Affirmed.
 Pietrykowski and Handwork, JJ., concur.
 (SINGER, Pietrykowski and Handwork, Judges of the Sixth AppellateDistrict, sitting by assignment in the Third Appellate District.)