No. 17687—William Montanari v. Elizabeth Haworth. Error to the Court of Appeals of Muskingum county.

PLEADING—(1) Averment in answer, that plaintiff's injuries were caused by negligence of third party, not an affirmative defense—Burden of proof to show it, not on defendant—(2) ATTACHMENT —Automobile law—Liability criminally incurred— Order of authorized under 11819 GC.

MATTHIAS, J.

1. In an action for damages claimed to have been caused by the negligent act of the defendant, his answer, which, in addition to a general denial, contained an averment that whatever injuries plaintiff sustained were caused by the negligence of a third party therein named does not state an affirmative defense, and an instruction of the court which places upon the defendant the burden of proving the negligence of such third party, and that such negligence was the proximate cause of plaintiff's injury, is erroneous and prejudicial to the defendant.

2. Where damages are caused by the owner and driver of an automobile as the result of his violation of a criminal law of the state, and an action is brought by the person injured to recover therefor, such liability was criminally incurred and an order of attachment is authorized by paragraph 10, Section 11819, General Code.

Judgment reversed.

Marshall, C. J., Wanamaker, Robinson, and Jones, JJ., concur. Day and Allen, JJ., concur in the syllabus but not in the judgment.

---

No. 17723—Simon W. Bashore v. Dan H. Brown, as treasurer of Drake county. Error to the Court of Appeals of Darke county.

PUBLIC HIGHWAYS—(1) Improvement of under 1214 GC.—Failure to object to county commissioners—Land owner has no authority to enjoin under 12075 GC. if legal steps properly taken by the commissioners—(2) Remedy in court of law to be pursued, before resorting to court of equity.

JONES, J.

1. Where county commissioners have fully complied with the provisions of Section 1214, General Code, in fixing assessments upon landowners for the improvement of an inter-county highway, and given notice thereof as required by that section, and have not otherwise exceeded their statutory authority, a landowner may not enjoin the collection of the assessment under authority of Section 12075, General Code, when he has failed to file objections thereto with the county commissioners as required by the former section.

2. The provisions of Section 1214, General Code giving the owner the right to file such objections and authorizing the board of county commissioners to change assessments so as to make the same just and equitable, furnish the owner an adequate remedy at law, which, if the proceedings are otherwise legal, he must pursue before resorting to a court of equity for relief.

Judgment affirmed.

Marshall, C. J., Wanamaker, Matthias, Day and Allen, JJ., concur.

---

No. 17636—Fred Cook and John Taylor, sheriff of Lucas county, v. Rose Mozer. Error to the Court of Appeals of Lucas county.

LIS PENDENS—(1) Doctrine of established and status quo, to be maintained only as between parties interested in the pending action—(2) Application of, to divorce and alimony actions (30 OS. 579 approved).

WANAMAKER, J.

1. The doctrine of lis pendens has long been established and recognized as the general law of the land upon the board public policy of maintaining the status quo of rights and interests in property involved in litigation, not only as between the parties thereto but as to third parties having conflicting interests, until the action pending has been finally adjudicated.

2. The doctrine of lis pendens has appropriate and special application in an action for divorce and alimony, especially where the property directly involved and claimed is specifically described in the pleadings. (Tolerton v. Williard, 30 Ohio St., 579 approved and followed.)

Judgment affirmed.

Jones, Day and Allen, JJ., concur. Robinson, J. concurs in the syllabus, but not in the judgment.

GO TO

# The Ohio State Bar
# Summer Meeting
## CEDAR POINT
### LAKE ERIE

# July 10, 11, 12

### The Week Following the
### Fourth of July