LONG ESTATE v. STATE

Ohio Appeals, 1st Dist., Hamilton Co.

Decided April 12, 1926

681. JURISDICTION—The probate court is given jurisdiction over the determination and assessment of inheritance taxes and such includes assessment against one found entitled to residue of estate including bequest to university.

1157. TAXATION—When back taxes are paid to a county treasurer without protest, no action can be maintained thereon for recovery, although such assessment was illegal.

CUSHING, J.

Elizabeth T. Long a resident of New York died testate owning property in this state and by item 6 of her will left $2000 to Cornell University; also by item 13 she left $30,000 to said university. On Nov. 17, 1923 a duly certified copy of the will was filed in the Hamilton Probate Court together with a petition praying that the amount of inheritance tax thereunder should be determined.

On Dec. 13, 1923 the court found that W. T. Hilles was the successor to the property including item 13 above. The court then determined the amount of the inheritance tax that should be paid by Hilles. All parties in interest signed waivers of protest and the amount assessed was paid voluntarily to the treasurer of Hamilton County on the same day. Also some time later a supplemental statement was filed and the inheritance tax thereon was voluntarily paid.

On Sept. 24, 1924, the executor filed an application for a refunder for all inheritance taxes paid to the Probate Court, the theory being that item 13 was a bequest to a University and under a reciprocatory act of New York, the two states exempted from tax any money going into either for educational purposes. This question was raised under 5334 GC. None of the parties took exception to the finding of the Probate Court, and the law of New York was not pleaded until many months after said court's decision.

The application for refunder was denied, and the cause taken to Hamilton Common Pleas upon the ground that the Probate Court had no jurisdiction. The finding of the Probate Court was affirmed, and error was prosecuted to the Court of Appeals which held:

1. Sec. 8, Art. 4, of the Constitution and 5340 GC. confer jurisdiction on the Probate Court to hear and determine all questions relating to inheritance taxes.

2. Jurisdiction does not relate to the rights of the parties, but to the power of the court; therefore as the court had jurisdiction of the subject matter it had the power to determine the rights thereunder.

3. The tax was paid voluntarily and there is a well established rule that no action can be maintained against a county treasurer for back taxes illegally assessed when no protest is made at time of payment. 40 OS. 306.

4. Under the above views the Hamilton Common Pleas is affirmed.

Judgment affirmed.

Attorneys—Chas. B. Wilby and Clark Wilby, Cincinnati, for Estate; C. C. Crabbe, Atty. Gen., Columbus, and Chas. W. Baker, Cincinnati, for State.