## STANDARD OIL CO v MOON et

Ohio Appeals, 3rd Dist, Marion Co
No 708.   Decided Feb 6, 1930

William P. Maloney, Marion, for Oil Co.

Hayes Thompson, Donithen & Donithen and George T. Geran, all of Marion, for Moon et.

HUGHES, J.

It is well settled that an executory contract for the purchase and sale of land, is not an instrument entitled to be recorded as deeds, mortgages or leases, thereby giving notice to prospective purchasers of the equity owned or claimed under such contracts.  **Churchill v. Little, 23 OS. 301.**

It is said in this case by Judge Stone, that "it seems necessarily to follow that where, as in this case, such executory contract or the mere equitable interest thereby created, is alone the subject of transfer, the recording act has no application."

Moon, when he gave this land contract of sale to Smith, retained in himself the legal title to this property, giving to Smith, the purchaser, a claim to the land which in proper proceedings might be enforced in a court of equity upon his full performance of his contract requiring specific performance of the contract and a conveyance to him of the legal title to the land, but Smith's right under this contract, rests solely in action under the contract and was therefore essentially a chose in action.

Using the thought expressed by Judge Stone in the above mentioned case, Smith having taken possession under this contract, of course was secure in his rights against the world because the world must take notice of his interest in this real estate during his possession thereof.  But the notice that the world must take of Moon's interest, is gained either from the public records of the county or actual knowledge thereof.  It being conceded that The Home Building Savings & Loan Company had no knowledge of the assignment of Moon's interest to The West Side Banking Company, it must follow that the interest conveyed to The Home Building Savings & Loan Co. by the regularly executed, delivered and recorded mortgage covering the legal interest or title to this property, would be superior to that of The West Side Banking Company by reason of the effect of the recording acts of the state.

In the case of **Wood Sash, Door & Paint Company v. Burrows,** reported in **2 C. C. (N. S.) at 213,** the court holds that even though the equitable interest of the purchaser under a land contract is assigned in the form of a duly executed, delivered and recorded mortgage, still it will not pass any enforceable title or claim in favor of the mortgagee against the holder of the legal title who has taken his title thereto in good faith without notice of the claim of the mortgagee.

Judge Spear, in the case of **Coe v. Erb, 59 OS. 259,** at 264, says, discussing the purpose of our recording acts:

(Here follows quotation)

And in discussing the statute involved in the case, making judgments a lien from

the first day of the term in which they are entered, he says further:

(Here follows quotation)

In the present case, if the loan company had traced the title of the property here in question, it would have found it in the name of Moon, and by the notice that it must necesasrily have taken of the interest of Smith by reason of his possession it further would have found that Smith was the owner of the equitable title under a contract of purchase which required him to pay to Moon the full purchase price called for by such contract. The loan company would have been justified in concluding that all the money that was due under this land contract would be paid by Smith to Moon. In other words, that Moon still had a balance of the purchase money coming to him, with its payment secured by the legal title still held in him.

And again using the thought of Judge Spear expressed in the Coe case, it is well to say that every consideration of justice, in order to make the recording act effective, requires the holding that the lien of the loan company is superior to that of the claim of the bank, which was by mere assignment of an equitable interest, with no notice thereof to the loan company.

Before Judges Hughes, Justice & Crow.