MELLON NATIONAL MORTGAGE CO. OF OHIO, APPELLANT, *v.*
JONES ET AL., APPELLEES.

(No. 77-424—Decided November 3, 1977.)

*Messrs. Porter, Wright, Morris & Arthur, Mr. Robert
C. Kiger* and *Mr. Terrence M. Miller,* for appellant.
*Mr. Donald L. Dorward,* for appellee Sydney Klein.
*Messrs. Porter, Wright, Morris & Arthur* and *Mr.
Ralph A. Dill,* for appellee Huntington National Bank.
*Messrs. Kincaid, Palmer & Randall* and *Mr. Roland T.
Gilbert,* for appellee Ohio State Bank.

McCORMAC, J.  Appellant filed a complaint seeking to
foreclose its mortgage of February 12, 1974, on real prop-
erty known as 1189 Fair Avenue, Columbus, Ohio.  That
mortgage had been executed by Robert N. Jones and was
clearly in default.  The only issue in the case was whether
Sydney Klein or Mellon National Mortgage Company had
first priority against any proceeds from the foreclosure
of the real estate.

Sydney Klein was not in possession at the time of the
mortgage by Mellon National Bank to Jones, a mortgage
which was duly recorded on February 22, 1974.  In posses-
sion at the time of Mellon's mortgage was Violetta May

Kimmey, then a widow, who admittedly had no interest in the property at that time. Kimmey had originally taken possession of the property by assignment of the interest of vendees of a land contract in 1961 from Belchers. The original land contract was executed on November 7, 1959, and recorded in the Miscellaneous Record Volume, Franklin County Recorder's Office, on November 10, 1959. Kimmey's assigned interest was also so recorded in 1961 as was the land contract mortgage executed by Kimmey to Leonard Fence Company for home improvements in 1965. It was this later instrument that was assigned to a finance company and ultimately to Sydney Klein on September 30, 1974.

Jones had received a warranty deed to the premises from General Housing Corporator, the original vendor of the land contract, after a cancellation of Kimmey's interest had been obtained. It was at that time that Jones executed a mortgage deed and note to Mellon.

The situation before the court was that Mellon had a valid duly recorded mortgage on the premises. At the time of the mortgage, the person in possession of the property had no interest in the property, but a third person claiming through that person did have an interest. However, the interest of Klein, while recorded, related back to a land contract executed and recorded in 1959. Stipulated facts indicate that Mellon had no actual notice of any interest of Klein.

The trial court rendered a judgment for Klein on the basis that the mortgagee had an obligation to inquire not only into the status of the possessor's interest but also to inquire as to whether the possessor of the premises had conveyed any interest to a third party. According to the trial court, had such an inquiry been made, Mellon would have discovered the existence of Klein's interest prior to executing its mortgage.

From the judgment of the trial court, Mellon has appealed, setting forth the following assignment of error:

"The trial court erred in finding as a matter of law that the land contract mortgage of defendant, Sydney Klein,

had priority over the mortgage of plaintiff, Mellon National Mortgage Company."

The first issue is whether the land contract for the sale of real estate involved herein, which was executed on November 7, 1959, and recorded on November 10, 1959, in the Miscellaneous Record Volume, is entitled to be recognized for constructive notice. If that land contract is not entitled to be so recognized, neither is the subsequent land contract assignment or land contract mortgage and its assignment to be recognized, since their chain of title commences with the 1959 recording.

The trial court correctly ruled that the interest of Sydney Klein, which is traced back in the chain of title to the 1959 land contract, is not entitled to be recognized for constructive notice. Until September 29, 1961, when the so-called land contract recording act (R. C. 317.08) was adopted, providing for the recording of executory installment contracts for the sale of land, there was no provision in Ohio law for the recording of land contracts. Although some land contracts were actually recorded prior to that time, as in the instant case, in the Miscellaneous Record Volume, the recording thereof does not constitute constructive notice. See *Kessler* v. *Bowers* (1926), 23 Ohio App. 194, where the court stated, at page 196:

" 'If no provision is made or authority given for recording executory contracts for the sale of real property, and record of such an instrument is in fact made in the book of records, no effect as constructive notice can be given the record.' "

See, also, Annotation, 3 A. L. R. 2d 577, where it is stated that the general, if not universally accepted, principle is that an unauthorized recording does not constitute constructive notice.

Since the land contract was not entitled to be recorded, any mortgage for the vendee's interest thereunder is also not entitled to be recognized for constructive notice as the instrument by which the contract is assigned or mortgaged stands necessarily upon the same grounds. See *Churchill* v. *Little* (1872), 23 Ohio St. 301. The reason, of course, is

that the latter document would be outside the chain of title. Recognition of such a stray document would frustrate the purposes of the recording act.

The principal issue is whether possession of property gives constructive notice to a potential mortgagee, not only of the rights of the person in possession but also of any rights of a third party obtained from the person in possession, at least to the extent that those rights could be discovered by reasonable inquiry.

Appellants concede that they are charged with constructive notice as to the rights of Violetta Kimmey, the person in possession. However, they assert that a holding that a bona fide purchaser or mortgagee be charged with what a reasonable inquiry would disclose as to the interest of any person claiming an interest from the person in possession would cast a potential shadow upon all real estate transactions and pose an impossible burden for the title examiner, as potentially any such interest is a blight upon the mortgagee's interest.

We agree with appellant that a good faith mortgagee is charged with constructive notice only of the rights of the persons in possession and the rights of persons claiming an interest under a duly recorded instrument, but that it does not extend to the rights of a person claiming through the party in possession when that third party's interest is not entitled to constructive notice through recording.

Appellee's reliance upon the case of *Dunkel* v. *Hedges* (1921), 15 Ohio App. 259, is not well founded. Only the rights of the parties in possession were at stake in the *Dunkel* case. The holding in *Dunkel* was that the defendant's possession of the subject premises put the purchaser on constructive notice of all the interests and rights of the party in possession rather than just part of the rights. No third party was involved.

More pertinent is the case of *Standard Oil Co.* v. *Moon* (1930), 34 Ohio App. 123. Moon entered into a land contract to sell certain real estate to Smith. Smith took the possession of the real estate and recorded his land contract. Later Moon assigned his interest as vendor under

the land contract to West Side Banking Company. There-after, Moon executed and delivered a mortgage upon the same property to Home Building Savings & Loan Company. Deciding the issue of the priority between West Side and Home Building, the court noted that Smith, as possessor of the real estate under the land contract, was secure in his rights against the world, because the world was required to take notice of his interests while he was in possession of the real estate. However, the court held that "the notice that the world must take of Moon's interest is gained either from public records of the county or actual knowledge thereof." The court, in *Moon*, thus held that the mortgagee, Home Building, was entitled to priority over the earlier assignee, West Side, because the mortgagee had neither actual nor constructive notice of the assignment. There is no suggestion that Home Building should have inquired of Moon whether he had previously conveyed an interest to a third party.

Possession of property under a land contract not entitled to constructive notice is notice of all of the possessor's interest, but gives no notice of any rights of a third party obtained previously through the possessor if those rights are not actually known or entitled to constructive notice through the public records. There is no duty to inquire of a possessor as to the rights of third parties claiming through the possessor.

Appellant's assignment of error is sustained. The judgment of the trial court is reversed, and the cause is remanded to the trial court for further procedure consistent with this decision.

*Judgment reversed.*

Holmes and Reilly, JJ., concur.