OPINION
{¶ 1} This is an accelerated calendar case, submitted to this court on the record and the briefs of the parties. Appellant, the Bank of New York, appeals the judgment of the Trumbull County Court of Common Pleas. The trial court entered summary judgment in favor of appellee, Calvin Stambaugh.
 {¶ 2} Appellee was formerly married to Thelma Stambaugh. The Stambaughs were divorced in 1981. Thelma was awarded the marital residence. This residence was previously titled in her name. Appellee was awarded a lien against this property, in the amount of $66,927.50. Included in this figure was a second mortgage of $31,700, which became the sole responsibility of appellee. Appellee's lien was not recorded in the Trumbull County Recorder's Office.
 {¶ 3} In 1986, the Stambaughs were again in court, resolving various disputes following the divorce, including visitation of the children. According to appellee, the court released a judgment entry, wherein the court recognized the lien and stated it was the first lien of priority. The entry ended with the language "all this until further order of the court."
 {¶ 4} In 1995, Thelma executed a mortgage with appellant. This mortgage was recorded in the Trumbull County Recorder's Office. Thelma became delinquent in her mortgage payments. After unsuccessful attempts to collect the payments, appellant filed this foreclosure action against Thelma. Appellee intervened, claiming superior interest in the property due the lien conveyed to him in the 1981 judgment entry.
 {¶ 5} Thelma filed for bankruptcy and is no longer a party in this action. The crux of this action is whether appellee's or appellant's lien has priority.
 {¶ 6} Both parties submitted multiple motions for summary judgment. The trial court granted appellee's second motion for summary judgment and, in the same judgment entry, granted appellant's third motion for summary judgment in part. The trial court did not expand on its reasoning for granting appellant's third motion for summary judgment in part. However, we will construe the trial court's judgment entry as overruling appellant's third motion for summary judgment on the merits, because any other interpretation is inconsistent with the trial court entering summary judgment in favor of appellee.
 {¶ 7} Appellant raises the following assignment of error for our review:
 {¶ 8} "The trial court erred in not granting appellant's third motion for summary judgment in its entirety and in granting defendant's second motion for summary judgment when it held that defendant, Calvin Stambaugh held an equitable lien prior to the 1995 mortgage lien interest of plaintiff-appellant as a result of a 1981 decree of divorce, contrary to the R.C. 5301.01 5301.25(A) mandatory filing requirements, where defendant never made any attempt to file any lien, has never filed any action to collect the alleged debt, and where plaintiff-appellant is a bona fide purchaser for value without notice of defendant's lien."
 {¶ 9} Pursuant to Civ.R. 56(C), summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[1] In addition, it must appear from the evidence that reasonable minds can come to only one conclusion, that being adverse to the non-moving party.[2] The standard of review for the granting of a motion for summary judgment is de novo.[3]
 {¶ 10} Appellant claims its 1995 mortgage with Thelma Stambaugh has priority over the lien granted to appellee in the 1981 judgment entry of divorce from the Trumbull County Court of Common Pleas, Domestic Relations Division.
 {¶ 11} The 1981 judgment entry of divorce granted appellee a lien against the property. However, appellee still needed to file the lien with the Trumbull County Recorder's Office.
 {¶ 12} Ohio's recording statute is R.C. 5301.25, which states, in part:
 {¶ 13} "(A) All deeds, land contracts referred to in division (B)(2) of section 317.08 of the Revised Code, and instruments of writing properly executed for the conveyance or encumbrance of lands, tenements, or hereditaments, other than as provided in division (C) of this section and section 5301.23 of the Revised Code, shall be recorded in the office of the county recorder of the county in which the premises are situated, and until so recorded or filed for record, they are fraudulent, so far as relates to a subsequent bona fide purchaser having, at the time of purchase, no knowledge of the existence of such former deed or land contract or instrument."
 {¶ 14} In addition, R.C. 5301.23 states, in part:
 {¶ 15} "(A) All properly executed mortgages shall be recorded in the office of the county recorder of the county in which the mortgaged premises are situated and shall take effect at the time they are delivered to the recorder for record. * * * The first mortgage presented shall be the first recorded, and the first mortgage recorded shall havepreference." (Emphasis added.)
 {¶ 16} Property interests, whether encumbrances or actual title, are frequently transferred by court order. This does not relieve the party receiving the property interest from the recording requirements of R.C. 5301.23 and 5301.25.
 {¶ 17} Appellee cites Third Fed. S. L. Assn. v. Hayward, in support of his argument that his interest in the property did not need to be recorded because it was conveyed through a court order.[4] InHayward, the prior divorce entry ordered a piece of property sold and instructed as to how the proceeds should be divided. No lien or mortgage was granted.[5] In the case sub judice, a lien was granted in favor of appellee. This is the type of encumbrance that needed to be recorded.
 {¶ 18} Appellee argues the trial court, and this court, should have relied on the affidavit of Mitchell F. Shaker, who represented appellee in the divorce action. Regarding the lien in the judgment entry of divorce, Mr. Shaker stated, "[w]hen the case was decided in 1981, this was the normal procedure for preserving the financial interest of one spouse in marital real estate retained by the other spouse." We give no credence to this statement. The statement is not asserting facts but, rather, attempting to explain the law in 1981. Contrary to Attorney Shaker's assertion, R.C. 5301.23 was in effect in 1981 and required appellee's lien to be recorded.
 {¶ 19} Appellee was required to record his lien. He did not. Thus, the trial court erred by granting summary judgment in favor of appellee.
 {¶ 20} Appellee next asserts that his interest in the residence is protected by the doctrine of lis pendens. We disagree. Lis pendens has been codified in R.C. 2703.26, which states, in part:
 {¶ 21} "While pending, no interest can be acquired by third persons in the subject of the action, as against plaintiff's title."
 {¶ 22} The following elements are required to invoke the doctrine of lis pendens:
 {¶ 23} "`(1) The property must be of a character to be subject to the rule; (2) the court must have jurisdiction over both the person and the res; and (3) the property or res involved must be sufficient described in the pleadings. It may be added that the litigation must be about some specific thing that must be necessarily affected by the termination of the suit.'"[6]
 {¶ 24} Again, appellee relies on the holding of Hayward in support of argument.[7] In Heywood, the Ninth District Court of Appeals held that lis pendens protected an individual's interest in real property after the final judgment of the trial court. However, the language of the judgment entry at issue in Hayward stated, "`[t]he Brandywine home shall immediately be placed on the market for sale. The Court will continue tokeep jurisdiction over this home until it is sold.'"[8] The order specifically retained jurisdiction over the property. The alleged court order in the case before us merely read "all this until further order of the court." It did not order immediate disposition of the property. Nor did the order specifically retain jurisdiction over the property.
 {¶ 25} The doctrine of lis pendens protects a plaintiff's interest in real estate while the case is pending. The divorce action was no longer pending in 1995. At most, appellee has shown that the divorce casemay have been pending in 1986. The doctrine of lis pendens does not protect appellee's interest in the real estate.
 {¶ 26} Appellee did not record his lien against the property. The doctrine of lis pendens does not protect appellee's interest in the property, because the divorce action was not pending in 1995. Therefore, the trial court erred by holding that appellee's unrecorded lien had priority over appellant's recorded mortgage and entering summary judgment in favor of appellee.
 {¶ 27} In addition, there are no genuine issues of fact to be resolved. Appellant is entitled to judgment as a matter of law. Thus, the trial court erred by overruling appellant's third motion for summary judgment.
 {¶ 28} Appellant's assignment of error has merit.
 {¶ 29} The judgment of the trial court entering summary judgment in favor of appellee is reversed. The trial court's judgment overruling appellant's motion for summary judgment is also reversed. Finally, we remand this matter to the trial court to grant appellant's third motion for summary judgment, in a manner consistent with this opinion, and enter judgment accordingly.
 {¶ 30} This matter is remanded for further proceedings consistent with this opinion.
JUDITH A. CHRISTLEY and CYNTHIA WESTCOTT RICE, JJ., concur.
[1] Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
[2] Civ.R. 56(C).
[3] Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105.
[4] Third Fed. S. L. Assn. of Cleveland v. Hayward (Aug. 19, 1998), 9th Dist. No. 18561, 1998 WL 488642, at *1.
[5] Id.
[6] Id. at *2, quoting Cook v. Mozer (1923), 108 Ohio St. 30, 37.
[7] See Third Fed. S. L. Assn. of Cleveland v. Hayward, 1998 WL 488642, at *2.
[8] (Emphasis added.) Id. at *1.