OPINION
{¶ 1} Defendant-appellant, Teresa Roush ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas, denying her motion to dismiss the complaint of plaintiff-appellee, ABN AMRO Mortgage Group, Inc. ("appellee"), and granting summary judgment in favor of appellee. For the reasons that follow, we affirm.
 {¶ 2} The following facts are pertinent to this appeal. In 1995, appellant purchased property located at 329 Danhurst Road ("property") from Sharon K. Augustine ("Augustine"). (Appellant's Affidavit at ¶ 3.) Appellant asserts that she resided at the property ever since she took possession in 1995. Id. at ¶ 9.
 {¶ 3} At the time she purchased the property, appellant suffered from a serious illness. Because appellant feared she would not recover from the illness, she entered into an agreement with her son, defendant Christopher Roush ("Roush"), to have the property transferred to him. Id. at ¶ 6. Upon full payment, Augustine executed a general warranty deed conveying the property to Roush on June 1, 1995. According to appellant, "it was agreed that I would be awarded and conveyed a life estate in the subject real property" in consideration for her consent to the transfer of the property to Roush. Id. at ¶ 8.
 {¶ 4} Appellant and Roush had subsequent disagreements regarding their respective interests in the property. As a result, on April 27, 2001, appellant filed a quiet title action against Roush in the Franklin County Court of Common Pleas. ("Roush lawsuit.")[1] Id. at ¶ 13. On November 1, 2001, the trial court granted appellant's motion for summary judgment as to her claims in the Roush lawsuit. The order provided:
Upon consideration of Motion of Plaintiff for Summary Judgment and any responses thereto it is determined that there no longer exists any genuine issue of material fact and Plaintiff is entitled to judgment as a matter of law. It is hereby ORDERED that Plaintiff's Motion is granted and the case is dismissed.
(November 1, 2001 Order).
It is undisputed that appellant did not file a certificate of this judgment with the Franklin County Recorder.
 {¶ 5} On October 25, 2002, the court entered a Nunc Pro Tunc Order in the Roush lawsuit, which provided:
This matter came on to correct this Court's order of November 1, 2001, which provided specific remedies sought in the Plaintiff's Motion but which did not adequately spell out the specific remedy and has apparently been agreed to in the Defendant's Answer in the above-captioned matter of litigation. The Court has determined that the Defendant has agreed that the Plaintiff has a life estate in the subject premises and in his Answer filed June 7, 2001. It is therefore,
* * *
ORDERED, ADJUDGED and DECREED that Plaintiff has retained a life estate in the premises as 329 Danhurst Road, City of Columbus, County of Franklin, State of Ohio.
(October 25, 2002 Nunc Pro Tunc Order.)
 {¶ 6} On November 8, 2002, appellant filed a forcible entry and detainer action in the Franklin County Municipal Court to evict Roush from the property.[2],[3] On July 17, 2003, the magistrate issued a decision in which he found appellant had the current right of possession of the property, because she held a life estate interest therein. The Franklin County Municipal Court adopted the magistrate's decision on July 22, 2003.
 {¶ 7} On April 9, 2002, Roush executed a note and conveyed a mortgage to appellee in order to secure payment of said note. Appellant asserts that she had no knowledge of the mortgage Roush entered into with appellee. (Appellant's Aff. ¶ 19.)
 {¶ 8} Appellee initiated the instant foreclosure action in the Franklin County Court of Common Pleas by complaint filed April 1, 2003. The complaint named as defendants Christopher Roush and "Jane Doe, Unknown Spouse of Christopher Roush." In its complaint, appellee asserted that it was the owner and holder of a note Roush signed with a sum due of $95,899.79, that the note was in default, and that appellee was the holder of a mortgage securing payment of the note. At that time, appellee did not name appellant as a party defendant or assert any claims against her.
 {¶ 9} On August 27, 2003, without first obtaining leave to intervene, appellant filed a motion to dismiss the complaint pursuant to Civ.R. 12(B), asserting that she held and continues to hold a life estate in the property, and that her interest is superior to the interest of appellee. Appellant claimed that appellee's claims against her were barred by the doctrine of collateral estoppel, res judicata and lis pendens. Additionally, appellant alleged the court lacked personal jurisdiction, and that appellee failed to state a claim upon which relief could be granted. Finally, appellant claimed appellee failed to obtain proper service of summons over her, and failed to comply with the requirements of Civ.R. 10(A) inasmuch that the complaint failed to name appellant as a party.
 {¶ 10} By leave of court, on September 9, 2003, appellee amended its complaint in order to name appellant as a party defendant. Therein, appellee sought a declaratory judgment declaring its interest in the property to be superior to that of appellant.
 {¶ 11} On September 16, 2003, appellant filed a motion entitled "Defendant, Teresa Roush's, Combined Motions, Pursuant to Ohio Civ.R. 12(B), to Dismiss the Complaint of Plaintiff and to Strike the Amended Complaint for Plaintiff's Violations of Ohio Civil Rule 5(D). ("September 16, 2003 Motion to Dismiss.") Therein appellant reiterated her arguments stated in the August 27, 2003 motion to dismiss. Appellee filed a memorandum in opposition on September 29, 2003.
 {¶ 12} On October 23, 2003, appellee moved for summary judgment on its claim for declaratory judgment against appellant. Appellee argued that as a bona fide purchaser for value of the property, it had neither actual and/or constructive notice of Roush's life estate interest in the real property, and that it was entitled to an interest of the property that was superior to that of the life estate interest of appellant. Alternatively, appellee asked the trial court to find that the doctrine of equitable subrogation applied to give appellee priority in at least the amount it paid to satisfy prior liens. Appellee supported its motion with an affidavit from a representative of appellee, a copy of the mortgage and the affidavit of Dirken T. Voelker ("Voelker"), a title examiner who performed a title search on the property. Voelker's affidavit read in pertinent part:
2. I examined the records of the Franklin county Recorder with respect to the property commonly known as 329 Danhurst Road, Columbus, Ohio ("the Property").
3. As of April 2, 2002, the records of the Franklin county Recorder reflected that Christopher A. Roush a.k.a. Adam Roush ("Mr. Roush") was the holder of a fee simple interest in the Property resulting from a conveyance from Sharon K. Augustine. Also, the Property was subject to the mortgage interest of Consolidated Mortgage and Financial Services Corporation ("Consolidated") that was executed on July 26, 1997 and recorded on August 7, 1997.
4. I examined the records of the Franklin County Clerk of Courts with respect to Mr. Roush and the Property.
5. As of April 2, 2002, the records of the Franklin County Clerk of Courts with respect to Mr. Roush and the Property indicated that the only action regarding Mr. Roush was Case No. 01CVC04 3929, and the docket for that case showed that the case had been "Dismissed."
6. Because the docket of the Franklin County Clerk of Courts indicated that Case No. 01CVC04 3929 was dismissed, no further investigation of the case was warranted.
Voelker concluded that based on the foregoing, appellee was a "bona fide purchaser for value at the time it obtained its mortgage interest in the property." (Voelker Affidavit at ¶ 8.)
 {¶ 13} On November 6, 2003, appellant filed a motion entitled "Motion for an Extension of Time to Conduct Discovery Pursuant to Civ.R. 56(F), and Preliminary Memorandum in Opposition to Plaintiff, ABN AMRO Mortgage Group, Inc.'s Motion for Summary Judgment." ("November 6, 2003 Motion for an Extension of Time" or "November 6, 2003 Preliminary Memorandum Contra.") In her motion for an extension of time, appellant requested additional time within which to conduct discovery. Appellant asserted she needed this extension in order to determine whether appellee had constructive and/or actual notice of her life estate interest in the property. Appellant asserted that further discovery was necessary to determine if appellee used due diligence in researching the title to the property. Alternatively, appellant requested an extension of time within which to respond to appellee's motion for summary judgment.
 {¶ 14} Appellant's motion for an extension of time was supported by an affidavit from her counsel, which read in pertinent part:
5. Due to Ms. Roush's concern that this Court lacks subjectmatter jurisdiction to entertain this action, Ms. Roush has not conducted any discovery in relation to the Plaintiff's claims.
6. As such, Ms. Roush has not had an opportunity to inspect any relevant documents that can establish the validity and/or invalidity of the Plaintiffs' claims.
7. Furthermore, Ms. Roush has had no opportunity to examine the Plaintiff and its representatives on deposition as to his testimony in relation to information set forth in the said documents and affidavits attached to the Plaintiff's Motion for Summary Judgment.
8. A significant amount of discovery needs to be conducted.
9. However, it is necessary for Ms. Roush to conduct more discovery in order to fully address the contentions of the Plaintiff in its motion for summary judgment.
 {¶ 15} In her memorandum contra, appellant argued that genuine issues of material fact exist as to whether or not appellee had knowledge of her interest in the property at the time appellee acquired its interest in the property. Further, appellant argued that appellee has failed to demonstrate it is entitled to a superior interest in the property under the doctrine of equitable subrogation.
 {¶ 16} In support of her memorandum contra, appellant submitted a copy of the complaint she filed against Roush to quiet title, copies of the November 1, 2001 Order and the October 24, 2002 nunc pro tunc order filed in Franklin County Court of Common Pleas case No. 01CVC04-3929, a copy of the mortgage between Roush and appellee and a copy of the July 17, 2003 magistrate's decision issued in Franklin County Municipal Court case No. 2002 CVG-43085. Appellant also submitted her affidavit, with an attached copy of the warranty deed conveying the property to Roush from Augustine, and a copy of a prior mortgage between Roush and Consolidated.
 {¶ 17} Appellee filed a memorandum contra to appellant's motion for an extension of time on November 21, 2003. Therein, appellee asserted that additional time for discovery was unnecessary, as issues of law governed the instant matter. Appellant filed a reply memorandum on November 26, 2003 in which she asserted that she was served with the complaint five months after the initial complaint was filed in this action, and reiterated her argument that she sufficiently demonstrated the need for more time to perform discovery.
 {¶ 18} On February 23, 2004, the court issued its decision granting appellee's motion for summary judgment, denying appellant's motion for an extension of time to conduct discovery and denying appellant's motion to dismiss the complaint. In its decision, the court found appellee was a bona fide mortgagee, that appellant had sufficient time to conduct discovery, further discovery was not necessary since issues of law govern this case, and that appellant's motion to dismiss was without merit. In its February 23, 2004 decision, the trial court did not address appellee's alternative argument related to equitable subrogation, as it agreed with appellee's primary argument that it was a bona fide purchaser for value that acquired its interest free of appellant's claimed interest. The court journalized its entry on April 16, 2004, in which it stated appellee had a valid and enforceable mortgage that is the first and best lien on the subject property, and is superior to any interest of appellant in the property.
 {¶ 19} On April 1, 2004, appellee filed a motion for default judgment against Roush, as he failed to file an answer or motion in the instant matter. By decision dated April 6, 2004, the court granted appellee's motion for default against Roush and entered judgment of foreclosure in favor of appellee upon the property. On April 16, 2004, appellant filed a memorandum contra ("April 16, 2004 Memorandum Contra") to appellee's motion for default against Roush, and asserted that appellee failed to obtain proper service of process against him.
 {¶ 20} On appeal, appellant asserts the following four assignments of error:
Assignment of Error No. 1
The trial court erred in denying defendant-appellant, teresa roush's motion for an extension of time to conduct discovery, pursuant to rule 56(f), ohio rules of civil procedure, filed november 7, 2003, in its decision and entry journalized on February 23, 2004 and thereafter entering final judgment pursuant to said decision on April 16, 2004.
Assignment of Error No. 2
The trial court erred in granting plaintiff-appellee, abn amro mortgage group, inc.'s motion for summary judgment filed on october 23, 2003 in its decision and entry journalized on february 23, 2004 and thereafter entering final judgment pursuant to said decision in a judgment entryjournalized on April 16, 2004.
Assignment of Error No. 3
The trial court erred in denying defendant-appellant teresa roush's motion to dismiss plaintiff's complaint filed August 27, 2003 in its decision and entry journalized on February 23, 2004 and thereafter rendering final judgment pursuant to said decision in a judgment entry journalized on April 16, 2004.
Assignment of Error No. 4
The trial court erred in rendering the judgment and decree in foreclosure journalized on April 6, 2004.
 {¶ 21} In her first assignment of error, appellant asserts the trial court abused its discretion by denying her motion for an extension of time pursuant to Civ.R. 56(F). Civ.R. 56(F) provides that "should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."
 {¶ 22} "Mere allegations requesting a continuance or deferral of an action for the purpose of discovery are not sufficient reasons why a party cannot present affidavits in opposition to the motion for summary judgment. There must be a factual basis stated and reasons given why it cannot present facts essential to its opposition to the motion." Bozemanv. Wendy's Internal., Inc. (Aug. 21, 2001), Franklin App. No. 01AP-112, 2001 Ohio App. LEXIS 3654 at *10, quoting Gates Mills Investment Co. v.Pepper Pike (1978), 59 Ohio App.2d 155, 392 N.E.2d 1316, paragraph two of the syllabus.
 {¶ 23} The provisions in Civ.R. 56(F) are discretionary, not mandatory. Martinez v. Yoho's Fast Food Equip., Franklin App. No. 02AP-79, 2002-Ohio-6756 at ¶ 14; Carlton v. Davisson (1995),104 Ohio App.3d 636, 648, 662 N.E.2d 1112. Thus, "absent an abuse of discretion, the denial of appellant's motion cannot be reversed." Id. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.
 {¶ 24} Here, appellant has failed to elucidate a reason why she cannot present affidavit facts essential to oppose appellee's motion for summary judgment, and instead requests deferral of this case for the purpose of carrying out discovery. We find such a request is insufficient under Civ.R. 56(F). Accordingly, we find the court did not abuse its discretion in its denial of appellant's motion for an extension of time, and appellant's first assignment of error is overruled.
 {¶ 25} In her second assignment of error, appellant claims the court erred by granting appellee's motion for summary judgment.
 {¶ 26} Summary judgment is proper only when the party moving for summary judgment demonstrates: (1) no genuine issue of material fact exists, (2) the moving parties are entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, when the evidence is construed in a light most favorable to the nonmoving party. Civ.R. 56(C); State ex rel. Grady v.State Emp. Rels. Bd. (1997), 78 Ohio St.3d 181, 677 N.E.2d 343.
 {¶ 27} We review the trial court's grant of summary judgment de novo.Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38, 654 N.E.2d 1327. We stand in the shoes of the trial court and conduct an independent review of the record. As such, we must affirm the trial court's judgment if any of the grounds raised by the movant at the trial court are found to support it, even if the trial court failed to consider those grounds. SeeDresher v. Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264;Coventry, supra, at 41-42.
 {¶ 28} The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on the essential element(s) of the nonmoving party's claims. Dresher, supra, at 292.
The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.
Id. at 293.
 {¶ 29} In support of her second assignment of error, appellant alleges that issues of fact remain as to whether or not appellee had constructive knowledge of appellant's interest in the property.
 {¶ 30} Pursuant to R.C. 5301.25, "a bona fide purchaser for value is bound by an encumbrance upon land only if he has constructive or actual knowledge of the encumbrance." Emrick v. Multicon Builders, Inc. (1991),57 Ohio St.3d 107, 109 quoting Tiller v. Hinton (1985), 19 Ohio St.3d 66,68, 19 OBR 63, 65, 482 N.E.2d 946, 949.
 {¶ 31} Actual notice is "such notice as is positively proved to have been given to a party directly and personally, or such as he is presumed to have received personally because the evidence within his knowledge was sufficient to put him upon inquiry." Black's Law Dictionary, (6 Ed.Rev. 1990) 1061. "Constructive notice may be afforded by a recorded instrument by lis pendens, and by knowledge of circumstances sufficient to awaken suspicion and put the purchaser on inquiry." 41 Ohio Jurisprudence 3d § 78. We have previously held that a "good faith mortgagee is charged with constructive notice only of the rights of the person in possession and the rights of persons claiming an interest under a duly recorded instrument." Mellon Natl. Mortgage Co. of Ohio v. Jones (Nov. 3, 1977),54 Ohio App.2d 45, 374 N.E.2d 666, This "`[n]otice is gained either from public records of the county or actual knowledge thereof.'" Id. at 49 citing Standard Oil Co. v. Moon (1930), 34 Ohio App. 123,170 N.E. 368.
 {¶ 32} R.C. 5301.25, Ohio's recording statute, provides in relevant part:
All deeds, land contracts referred to in division (A)(2)(b) of section317.08 of the Revised Code, and instruments of writing properly executed for the conveyance or encumbrance of lands, tenements, or hereditaments, other than as provided in division (C) of this section and section 5301.23
of the Revised Code, shall be recorded in the office of the county recorder of the county in which the premises are situated. Until so recorded or filed for record, they are fraudulent insofar as they relate to a subsequent bona fide purchaser having, at the time of purchase, no knowledge of the existence of that former deed, land contract, or instrument.
 {¶ 33} Applying the foregoing, appellant asserts that appellee had constructive notice of her life estate interest as a result of her possession of the property. In support, appellant references her affidavit, in which she asserts she has resided at the property since she took possession in 1995. Further, appellant argues "the world was required to take notice of [her] possession of the real property and in turn engage in a diligent search as to Appellant Roush's interest." (Appellant's Brief at 19.)
 {¶ 34} Appellant further argues that appellee had constructive notice of her interest in the property as a result of the Roush lawsuit. She argues that appellee had a duty to apprise itself in detail as to the disposition of the Roush lawsuit. Without citing any supporting authority, appellant asserts "it is simply not reasonable diligence of a mortgagee or purchaser to simply witness that litigation against a potential borrower no longer remains pending."[4] (Appellant's Brief at 21.)
 {¶ 35} In response, appellee directs our attention to Voelker's affidavit, and argues the public records of the Franklin County Recorder and the Franklin County Clerk of Court did not provide notice of appellant's alleged interest in the property. Appellee asserts that Voelker conducted a title search that did not reveal any interest in favor of appellant existing at the time appellee obtained its interest. Appellee argues that because appellant did not record her alleged interest within the property's chain of title, so as to place third parties on notice of her interest, it was a bona fide mortgagee that obtained its mortgage interest in the property without actual or constructive notice of appellant's alleged interest. Accordingly, appellee maintains its interest is superior to that of appellant and the trial court correctly entered summary judgment in its favor.
 {¶ 36} Appellee asserts that the trial court correctly relied uponBank of N.Y v. Stambaugh, Trumbull App. No. 2002-T-0184, 2003-Ohio-6416 at ¶ 16, in which the Eleventh Appellate District found a party receiving a property interest was required to comply with the recording requirements of R.C. 5301.23 and 5301.25. We agree.
 {¶ 37} In Spring Lakes Ltd. v. O.F.M. Co. (1984), 12 Ohio St.3d 333,467 N.E.2d 537, the Supreme Court of Ohio held that "in order for a purchaser of real property to be charged with constructive notice of an encumbrance contained in a prior recorded instrument, the prior instrument must be recorded in the purchaser's chain of title." Id. at 336.
 {¶ 38} Here, it is undisputed that appellant did not record her "reserved" life estate interest when the property was conveyed from Augustine to Roush, nor did she record a certificate of judgment after she won the Roush lawsuit, in accordance with the requirements of R.C.5301.25. Thus, the trial court was correct in determining that appellee did not have constructive notice of appellant's interest in the property.
 {¶ 39} Appellant further asserts in support of her second assignment of error that the doctrine of lis pendens prevented appellee from obtaining an interest in the property, because the Roush lawsuit remained pending until the nunc pro tunc entry was journalized by the trial court on October 25, 2002, which was over six months after Voelker examined the chain of title.
 {¶ 40} The doctrine of lis pendens, codified at R.C. 2703.26, provides that "[w]hen summons has been served or publication made, the action is pending so as to charge third persons with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title."
 {¶ 41} Furthermore, R.C. 5309.58 specifically addresses lis pendens and provides:
No suit, action, or proceeding, pending in any court, affecting registered land or any interest therein or charge upon such land is lis pendens, or notice to any person dealing with such land, until a certificate of the pendency of such suit, bill, or proceeding, under the hand and official seal of the clerk of the court in which it is pending, is filed with the county recorder, and a memorial thereof entered by him upon the last registered certificate of title to the land to be affected.
* * *
When any suit, bill, or proceeding has been dismissed or otherwise disposed of, or any judgment, decree, or order has been satisfied, released, reversed, or modified, or any levy of execution, attachment, or other process has been released, discharged, or otherwise disposed of, the sheriff, or the clerk of the court in which such proceedings were pending or had, shall forthwith under his hand, and if the clerk, under the seal of the court, certify to and file with the recorder an instrument showing such discharge, release, dismissal, or final disposition.
 {¶ 42} In order for the doctrine of lis pendens to apply to charge third person with notice of pending litigation, three requirements must be met: "(1) the property must be of a character to be subject to the rule; (2) the court must have jurisdiction over both the person and the res; and (3) the property or res involved must be sufficiently described in the pleadings." Bank of N.Y. v. Barclay, Franklin App. No. 03AP-844, 2004-Ohio-1217, at ¶ 10, quoting Cook v. Mozer (1923), 108 Ohio St. 30,37, 1 Ohio Law Abs. 436, 1 Ohio Law Abs. 845, 140 N.E. 590.
 {¶ 43} With respect to the second requirement, we agree with the trial court that "when an initial entry is a final determination of the rights of the parties, a subsequent nunc pro tunc entry clarifying the initial entry relates back to the time of the filing of the initial entry, and does not extend the time for appeal." Northwood Local Edn. Assn. v. StateEmp. Rels. Bd., Wood App. No. WD-89-24, 1990 Ohio App. LEXIS 427 at *6. The fact that the court issued the October 24, 2004 nunc pro tunc order does not mean that the court had retained jurisdiction in the case after November 1, 2001, the date upon which it originally entered judgment in the Roush lawsuit. The trial court relinquished jurisdiction well before appellee obtained its mortgage interest. Thus, the doctrine of lis pendens does not demonstrate constructive notice on the part of appellee.
 {¶ 44} Finally, appellant argues the trial court improperly granted appellee's motion for summary judgment, as the doctrine of collateral estoppel bars appellee's declaratory judgment claim. Although she did not raise this argument at trial in opposition to appellee's motion for summary judgment, appellant asserts she can permissibly raise collateral estoppel for the first time on appeal because it implicates the trial court's subject matter jurisdiction. As set forth infra in our discussion of appellant's third assignment of error, the affirmative defense of collateral estoppel does not affect the court's subject matter jurisdiction of the instant matter.
 {¶ 45} Accordingly, appellant's second assignment of error is overruled.
 {¶ 46} In her third assignment of error, appellant asserts the trial court erred in denying her September 16, 2003 motion to dismiss appellee's complaint. Specifically, appellant asserts that the court lacked subject matter jurisdiction because: (1) appellant failed to acquire an interest in the property under the doctrine of lis pendens; and (2) the doctrine of collateral estoppel "prevented appellee from re-litigating whether appellant had a life estate interest in the property." (Appellant's brief at 34.)
 {¶ 47} "Subject matter jurisdiction is a court's power to hear and decide a case on the merits. Waste Mgmt. of Ohio v. Bd. of Health of theCity of Cincinnati, Franklin App. No. 04AP-437, 2005-Ohio-1153 at ¶ 41, citing Morrison v. Steiner (1972), 32 Ohio St.2d 86, 61 Ohio Op. 2d 335,290 N.E.2d 841, paragraph one of the syllabus. "`Jurisdiction does not relate to the rights of the parties, but to the power of the court.'"Waste Mgmt. of Ohio, supra, citing State ex rel. Tubbs Jones v. Suster
(1998), 84 Ohio St.3d 70, 75, 1998 Ohio 275, 701 N.E.2d 1002, quotingExecutors of Long's Estate v. State (1926), 21 Ohio App. 412, 415, 4 Ohio Law Abs. 735, 153 N.E. 225. (Emphasis sic.)
 {¶ 48} The standard of review for a motion to dismiss, pursuant to Civ.R. 12(B)(1), is `whether any cause of action cognizable by the forum has been raised in the complaint.' Thomas v. Thomas, Franklin App. No. 03AP-1106, 2004-Ohio-2136, ¶ 3, citing State ex rel. Bush v. Spurlock
(1989), 42 Ohio St.3d 77, 80, 537 N.E.2d 641. An appellate court's review of a motion to dismiss predicated on Civ.R. 12(B)(1) is de novo and, therefore, we must review the issues independently of the trial court's decision. Crestmont Cleveland Partnership v. Ohio Dept. of Health
(2000), 139 Ohio App.3d 928, 936, 746 N.E.2d 222.
 {¶ 49} First, appellant asserts that the court lacked subject matter jurisdiction because of the doctrine of lis pendens. In support, appellant reiterates her argument that the Roush lawsuit was pending at the time appellee obtained its interest in the property. However, we have previously determined that the doctrine of lis pendens is inapplicable to the instant matter because the trial court in the Roush lawsuit relinquished jurisdiction well before appellee obtained its mortgage interest. Furthermore, the doctrine of lis pendens operates to charge third persons with knowledge of pending litigation, and does not relate to the power of a court to hear and decide a case on the merits. As such, the trial court's subject matter jurisdiction in the instant matter is not implicated by the doctrine of lis pendens.
 {¶ 50} Further, appellant argues that the doctrine of collateral estoppel bars appellee's claim for declaratory judgment. Specifically, she asserts that the issue as to whether she held a life estate interest in the property was fully litigated in the Roush lawsuit, and the same precludes subsequent litigation over her life estate interest by Roush and all others who were in privity with him. Appellee argues that the doctrine of collateral estoppel is inapplicable because the issue of priority as between its mortgage interest and appellant's alleged interest has never been previously litigated.
 {¶ 51} "The doctrine of issue preclusion, also known as collateral estoppel, holds that a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different." State ex rel. Stacyv. Batavia Local Sch. Dist. Bd. of Educ. (2002), 97 Ohio St.3d 269,2002-Ohio-6322, 779 N.E.2d 216; Goeller v. Moore, Franklin App. No. 04AP-394, 2005-Ohio-292 at ¶ 5 citing State ex rel. Asti v. Ohio Dept.of Youth Servs., Franklin App. No. 03AP-998, 2004-Ohio-6832, at ¶ 14.
 {¶ 52} Here, as appellee points out, the present case does not concern whether or not appellant held a life estate interest in the property, as was the issue in the Roush lawsuit. Instead, the instant matter involves the priority of appellant's interest in relation to the interest of appellee. Thus, appellee is not precluded from claiming that its interest in the property is superior to any alleged interest of appellant.
 {¶ 53} Accordingly, appellant's third assignment of error is overruled.
 {¶ 54} In her fourth assignment of error, appellant argues the trial court erred in rendering the April 6, 2004 judgment and decree in foreclosure. Specifically, appellant asserts that the court violated her due process rights by not considering her April 16, 2004 memorandum contra to appellee's motion for default judgment against Roush. In response, appellee argues that pursuant to Civ.R. 55, when a party against whom a judgment is sought does not appear in the action, the court is not required to await responsive memoranda before ruling on a default judgment motion. Civ.R. 55(A) provides:
(A) Entry of judgment.
When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefore; * * *. If the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application.
 {¶ 55} "[U]nder the civil rules, neither service nor an opportunity to respond is required with respect to a party in default for failure to appear." Dunfries Corp. v. Kramer, Franklin App. No. 92AP-15, 1992 Ohio App. LEXIS 4070 at *4. Here, it is undisputed that Roush did not enter an appearance in the instant matter. As such, the court was within its discretion to rule on the motion for default judgment upon its filing, and was not required to serve Roush or give him an opportunity to respond to the same. Further, appellant filed her memorandum contra after judgment was entered against Roush. Because appellant's post-judgment filing was not in a proper procedural posture for ruling, the court had no obligation to consider the same. Thus, we find that the trial court did not violate appellant's rights to due process in failing to consider her April 16, 2004 memorandum contra to the motion for default judgment against Roush.
 {¶ 56} Finally, appellant asserts that the court erred by finding in its April 6, 2004 judgment entry that she filed an answer to appellee's complaint, and by referencing the doctrine of equitable subrogation. Appellee asserts that these references were harmless errors, at most. We agree. As we previously stated, the trial court did not resolve the issue of equitable subrogation in its February 23, 2004 decision, as it agreed with appellee's primary argument that it was a bona fide purchaser for value that acquired its interest free and clear of appellant's claimed interest. Thus, we need not address this issue.
 {¶ 57} Based on the foregoing, appellant's fourth assignment of error is overruled.
 {¶ 58} Accordingly, appellant's first, second, third and fourth assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Brown, P.J., and Klatt, J., concur.
[1] See Roush v. Roush, Franklin County Common Pleas No. 01 CVC-04-3929.
[2] See Roush v. Roush, Franklin County Municipal Court, Case No. 2002 CVG-43085.
[3] The record does not reflect when Roush lived at the property or the length of his tenancy.
[4] Appellant additionally alleges Voelker's statements in his affidavit regarding the status of the Roush lawsuit are inadmissible hearsay, because appellee failed to attach a certified copy of the court's docket to verify the truth of his statements. Because appellant did not raise this argument in the proceedings before the trial court, she waives it on appeal. See Bank One v. Barclay, Franklin App. No. 03AP-870, 2004-Ohio-2718 at ¶ 20. (Citation omitted.)